Judgment will be entered in favor of defendants Podvey and Sachs.

GERALD BALONIS, PLAINTIFF, v. GENERAL MOTORS CORP., BRISKIN CHEVROLET, INC. AND MARY R. BALONIS, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 23, 1978.

Mr. *John F. Strazzullo* for plaintiff Gerald Balonis.

Mr. *Arthur P. Condon* for defendant Mary Balonis.

WEINBERG, J. C. C. (temporarily assigned). On March 22, 1973 defendant Mary Balonis was the operator of a motor vehicle owned by her husband Gerald when it was damaged as a result of a collision. The Gateway Insurance Company had issued a motor vehicle liability insurance policy covering the motor vehicle in the name of Gerald. This policy was valid at the time of the accident but did not include collision coverage.

Gerald alleges that his wife's negligence caused the collision and the resultant damage to his motor vehicle. He has instituted this action to compel her to compensate him for the property damage. Mary Balonis is being represented in defense of her husband's claim by counsel assigned under the terms of the mentioned policy. She moves for summary judgment. Her counsel argues that recovery is prevented because of interspousal immunity and that if the court was to allow a recovery for property damage, the effect would be to afford Gerald the benefit of collision insurance he did not purchase. Both parties agree that the disposition of defendant's motion requires analysis of the scope of *Immer v. Risko,* 56 *N. J.* 482 (1970).

In that landmark decision, our Supreme Court abrogated the doctrine of interspousal immunity, as applied in automobile negligence cases. There are no reported decisions in which a court has determined whether *Immer* applies to those cases in which a plaintiff has sustained property damage only.

The insurance carrier attempts to distinguish *Immer* by suggesting that its applicability is subject to the nature of the injury sustained — personal injury or property damage. This distinction is rejected since both types of damage can arise from the same cause of action for negligence.

Although *Immer* involved a personal injury claim, it is apparent that the Supreme Court intended to establish a rule of general application which draws no distinction between the various types of injury. The only restriction imposed by the court was "[to] limit [its] decision to *claims* arising

out of motor vehicle accidents." 56 *N. J.* at 495; emphasis supplied.

██ Thus, this court concludes that the rule set forth in *Immer* is of equal applicability where either personal injuries or property damage is sustained by a plaintiff in an automobile negligence case.

Alternatively, counsel for the wife argues that the allowance of the claim for property damage would unjustly enrich Gerald since he did not purchase collision insurance. Gerald does not claim entitlement to collision coverage. Instead, he relies on the liability coverage afforded Mary by virtue of his policy.

██ In analyzing the insurance policy in question, the court is guided by the well-established principle that the terms of a contract of insurance are to be construed strictly against the insurer, and where several interpretations are permissible, the court should choose the one most favorable to the assured. *Allen v. Metropolitan Life Ins. Co.,* 44 *N. J.* 294, 305 (1965).

Initially, it is important to note that the carrier has failed to direct the court's attention to a policy exclusion barring a property damage recovery by the insured against a member of his family covered under the same policy. Such an occurrence could have been foreseen by the carrier and, subject to approval by the Commissioner of Insurance, provided for in the contract.

██ Absent such a provision, however, Gerald may look to Mary's liability coverage as the basis for the indemnification. Unlike collision coverage, which is often described as first-party insurance, liability coverage is triggered by the commission of a tort which injures a third party. *Couch, Cyclopedia of Insurance* (2 ed. 1964), §§ 42:204; 45:19. Under the holding of *Immer,* a husband who is damaged as the result of his wife's negligence in the operation of a motor vehicle is viewed as a legal stranger entitled to seek indemnification in accordance with the terms of her liability in-

surance. Thus, the carrier misconstrued the effect of *Immer* when it suggests, at this late date, that Gerald is attempting to sue himself.

Accordingly, defendant's motion for partial summary judgment is denied.